IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01692-JLK-MEH

MALIBU MEDIA, LLC,

    Plaintiff/Respondent,

v.

DOES 1-19,

    Defendants.

JOHN DOE #5,

    Petitioner.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 2, 2012.**

John Doe #5's Motion to Quash or Modify Subpoena [filed June 27, 2012; docket #2] is **denied without prejudice** for the following reasons:

John Doe #5 must attach a copy of the subpoena he challenges for the Court's review.

Pursuant to Fed. R. Civ. P. 5(d)(1) and D.C. Colo. LCivR 5.1G, John Doe #5 is required to attach a certificate of service indicating the date the motion was served upon the Respondent. No such certificate is attached.

Fed. R. Civ. P. 11(a) states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

From the content of the present motion, the Court infers that John Doe #5 seeks to proceed in this litigation anonymously. However, he has failed to properly seek permission from the Court to do so.[1] *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party

---

[1] Although John Doe #5 requests permission to file the motion "without revealing [his] personally identifying information," such unsupported request fails to comply with D.C. Colo. LCivR 7.1C ("a motion ... shall be supported by a recitation of legal authority incorporated into the

who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). Therefore, if John Doe #5 wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he may do so **on or before August 23, 2012** and must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a).[2] With such filing, John Doe #5 must provide to the Court his name, address, telephone number and email address in the form of a separate written "supplement" to the motion. If John Doe #5 wishes to keep this supplement (containing his identifying information) confidential, he may file a motion to file the supplement under restriction pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

---

motion") and the law cited herein.

[2]In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket.

2